15

DET1072S9

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jerome Easterly #366413

Petitioner;

v.

Tony Trierweiler
Respondent.

Case:2:17-cv-13064
Judge: Murphy, Stephen J.
MJ: Majzoub, Mona K.
Filed: 09-14-2017 At 04:02 PM
HC EASTERLY VS TRIERWEILER (RB)

## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Jerome Easterly,IN-PRO-SE;respectfully states:

1. Petitioner Jerome Easterly is a citizen of the United States,is a resident of Wayne County,Michigan and is currently imprisoned in Ionia,Michigan.

2. Petitioner Jerome Easterly is currently unconstitutionally detained and imprisoned by the Respondent Tony Trierweiler,Warden,at Bellamy Creek Correctional Facility,where Jerome Easterly is serving terms imposed by Judge Richard M. Skutt of the Wayne County Circuit Court,after a plea was entered by the Petitioner,the Honorable Richard M. Skutt presiding over case 2015-0090638-01-FC.

3. Petitioner has exhausted all state remedies available to him with regards him being convicted by plea in case 2015-009-638-01-FC.

a. Petitioner Jerome Easterly raised the following issues in the Michigan Court Of Appeals,the point headings of the issues:

I. THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO WITHDRAW APPELLANT'S MOTION TO WITHDRAW NO CONTEST PLEA...

b. The Michigan Court Of Appeals denied the Petioner's application for leave to appeal in an unpublished opinion Court Of Appeals number 334403.

c. The Petitioner then filed a timely application for leave to appeal in the Michigan Supreme Court. On April 4,2017;the Michigan Supreme Court denied the Petitioner's application for leave to appeal in an unpublished opinion in Supreme Court case number 154637 &(7).

4. As set forth in the accompanying memorandum of law, Jerome Easterly is being detained in violation of the 5th, 6th, and 14th Amendments to the United States Constitution.

5. Petitioner Jerome Easterly has not filed any previous petition for writ of habeas corpus in this, or any other Federal District Court.


## CONCLUSION-RELIEF REQUESTED

The conclusion-relief requested the Petitioner Jerome Easterly wanted to remind this Honorable Court of what the United States Supreme Court said in Haines v Kerner 404 US 519 (1972):

"PRO-SE Litigant's pleadings are to be construed liberally and held to less stringent standards than formal pleadings to state a claim drafted by a lawyer, if the Court can reasonably read pleadings to state valid claim in which litigant could prevail it should do so, despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements".

For these reasons, Petitioner Jerome Easterly asks:

a. That Respondent be required to appear and answer the allegations of this of this petition,

b. That after full consideration, this Honorable Court grant this petition and order Jerome Easterly either allowed to withdraw his plea, or released from costudy;

c. That this Honorable Court grant what it may deem just, and proper under the circumstances; and

c. That this Honorable Court grant oral arguments in this matter.

Respectfully submitted;

By: _Jerome Easterly_
Jerome Easterly #366413
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, Michigan 48846

=2=

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jerome Easterly #366413

Petitioner;                                  Civil Action NO:_____

v.                                           District Court Judge:_____

Tony Trieweiler                              Magistrate Judge:_____
Respondent.


### MEMORANDUM OF LAW TO PETITION FOR WRIT OF HABEAS CORPUS


Jerome Easterly#366413
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia,Michigan 48846

## TABLE OF CONTENTS

INDEX OF AUTHORITIES..................................................................

STATEMENT OF JURISDICTION............................................................

STATEMENT OF QUESTIONS INVOLVED......................................................

STATEMENT OF FACTS...................................................................


ARGUEMENT:

I. THE TRIAL COURT ERRED BY DENYING PETITIONER'S MOTION TO WITHDRAW PETITIONER'S

MOTION TO WITHDRAW NO CONTEST PLEA...................................................


CONCLUSION/RELIEF REQUESTED..........................................................

## INDEX OF AUTHORITIES

HAINES V. KERNER 404 US 519,92 SCT,30 LED2d 652 (1972).......................5

HILL V LOCKHART 894 F2d 1009 (CAS 1990). cERT DEN 497 US 1011 (1990)..........5

IN RE GUILTY PLEA CASES 395 MICH 96 (1975)...................................3

McCARTHY V UNITED STATES 394 US 459, 89 SCT 1166, 22 LED2d 418 (1968)........4

PEOPLE V DAVIDOVICH 238 MICH APP. 422,AT 425 (1999)..........................3

PEOPLE V HAWKINS 468 MICH 488, AT 500 (2003)................................3

PEOPLE V KENNEBREW 220 MICH APP. 601, AT 605 (1996).........................3

### STATUES/COURT RULES/PRESENTENCE INVESTIGATION REPORT

MCL 750.224f................................................................1

MCL 750.227b................................................................1

MCL 750. 82.................................................................1

MCL 750. 83.................................................................1

MCL 769.12(6)...............................................................1

MCR 6.302...................................................................3

MCR 6. 310................................................................3,4

MCR. 7. 301 et al.........................................................iii

PRESENTENCE INVESTIGATION REPORT............................................4

## STATEMENT OF QUESTIONS INVOLVED

I. Did the trial error by denying Petioner's Motion to withdraw NO Contest Please ?

The Petitioner says: "YES".

The Appelle said: "NO".

The Trial Court said: "NO".

The Michigan Court Of Appeals said: "NO".

## STATEMENT OF FACTS

The Petitioner was charged with three counts of AWIM,Contrary to MCL 750.83,

Felon in possesion of a firearm,contrary to MCL 750.82,Felony-Firearm (Second offense

notice),750.227b(b) and habitual fourth offender,mandatory 25-year sentence, contrary

to MCL 769.12(6)(a).

The facts and circumstances giving rise to these charges took place on December

24,2014. Detroit Police responded to a location in Detroit to assist with accident

utility pole down. When Officers arrived,they saw a black vehicle stopped in the

middle of the street with a male driver. Officers also observed a gold colored

GMC Envoy with extensive driver side front end damage  and  numerous bullet holes

on the driver's side. Ms. Dache Quinn,was the medic unit and told Officers that

she was driving North on Lasher,when Mr. easterly allegedly went left of center

into the Southbound lane of Lasher and started fireing shots from his vehicle.

Mr. Easterily then left the location.

Appearantly,Mr. Easterly then drove over to his mother's home and shot her

about five times;twice in the legs,twice in the buttocks and once in the stomach.

The petitioner then left the scene. A few months later, Petitioner was apprehended

in the State Of Ohio.

On Febuary 8,2016,(Which was the day set for the start of the Jury trial), Pursuant

to a plea and sentence agreement,Mr. Easterly pled no contest to one of AWIM and

Felony-Firearm,second offense. The sentence agreement was a term of 18-30 years

for the AWIM,plus 5 years consecutive for the Felony-Firearm. In exchange,the People

agreed to dismiss the mandatory 25-year minimum sentence (Habitual fourth) as well

as the other charges. The factual basis for the  plea came from the police report,which

indicated Mr. Easterly fired several shots from his vehicle at his mother. He hadc

also been previously convicted of a felony firearm,which made this felony-firearm

a second conviction. (Refer to plea Transcripts Page 1-18).

On March 1,2016;Petitoner appeared for sentencing. Prior to sentencing, Defense Counsel advised the trial court that Petitioner wanted to withdraw his plea. The Trial Court denied the request and proceeded to sentence Mr. Easterly per the Plea and Sentence agreement to a term of 18-30 Years for the AWIM,plus 5 years Consecutive for the Felony-firearms (Second offense). (Refer to sentencing Transcripts Pages 1-17).

THET TRIAL COURT ERRED BY DENYING PETITIONER'S MOTION TO WITHDRAW NO CONTEST PLEA

## Standard Of Review

This Honorable Court reviews whether the Trial Court erred by denying Petitioner's motion to withdraw no contest plea de novo McCarthy v United States 394 US 459,89 SCT 1166;22 LED2d 418 (1968),Hill v Lockhart 894 F2d 1009 (CA8 1990),cert den 497 US 1011 (1990),In Re Guilty Plea Cases 395 Mich 96 (1975),cert den 429 US 1109 (1977).

The Michigan Appellate Court reviews whether the trial court erred by denying Petitioner's motion to withdraw his no contest plea de novo In Re Guilty Plea Cases 395 Mich 96 (1975),cert den 429 US 1109 (1977),People v Hawkins 468 Mich 488,at 500 (2003),MCR 6.302(B)(E),and MCR 6.310.

## Discussion:

### MCR 6.302 Pleas of Guilty and Contendere

(A). Plea Requirements. The court may not accept a plea of guilty or nolo contendere unless it is convinced that the plea is understanding,voluntary, and accurate. Before accepting a plea of guilty or nolo contendere,the court must personally carry out subrules (B)-(E).

The authority for allowing Petitioner to withdraw his plea when the request is made before sentencing is found in MCR 6.310(B)(1),which state in pertinent part that "a plea maybe withdrawn on defendant's motion or with the defendant's consent only in the interest of justice,and may not be withdrawn if withdrawal of the plea would substantially prejudice the prosecutor because of reliance on the plea".

There is no absolute right to withdraw a guilty plea once the trial court has accepted it . People v Davidovich 238 Mich App 422,at 425 (1999),People v Kennebrew 220 Mich App 601,at 605 (1996). However;the rules set in MCR 6.310,or any other claim that the plea was not an understanding,voluntary,or accurate one,the defendant must demonstrate some error in the plea proceeding. People v Hawkins 468 Mich 488,at 500 (2003).

The question for this Honorable Court is whether it is in the interest of justice to allow Petitioner to withdraw his plea. Kennebrew supra. This is not a matter where the Petitioner has simply had a change of heart,but where the Petitioner asserts he was ill advised during the proceedings and unaware of all of the consequences. The Petitioner maintains his innocence. There were,and still are issues with the Petitioner's mental health at the time of the offense,and at the time of the plea. Refer to page 12 of his presentence report,which documents all of his mental issues. Trial counsel did not explore any of these issues with the trial court properly,nor did he have Petitioner examined for competency to stand trial and criminal responsibility.

The United States Supreme Court said in United States v Wade 388 US 218,at 219-222,87 SCT 1926,18 LED2d 1149 (1967):

"The manifest purpose of the examination in this case,and the proper objective of a mental examination in any criminal case where a defendant's sanity is in issue should be,to obtain knowledge not about fact concerning defendant's participation in the criminal acts charged,but about facts concerning a defendant which are themselves material to the case. The purpose is not prove by evidence wrested from a defendant whether he is guilty as charged. But,rather,to prove whether a defendant possess the requisite mentality to be guilty as charged, assuming that his guilt is other wise established,or whether,legally,he can not be held criminally responsible,irrespective of what other proof may establish he has done"".

In order for a plea to be accepted,a plea of guilty in a criminal case must be entirely voluntary,by one competent to know the consequences,and should not be induced by fear,misapprehension,persuasion,promise,inadvertence,or ignorance. An involuntary guilty plea violates due process of law. McCarthy v United States 394 US 459,89 SCT 166;22 LED2d 418 (1968).

In this case,Petitioner's plea was involuntary in light of his mental health conditions of suffering from schizophrenia,bipolar disorder,clinical depression, and he also suffers from sucidal tendencies. These conditions existed during the time of the offenses,and at the time of the plea. There is no prejudice to the prosecution if the plea is set aside. Everyone is available to testify.

Wherefore;the Petitioner Jerome Easterly respectfully ask that this
Honorable Court grant him relief as stated in his Petition For Writ Of Habeas
Corpus.


                    Respectfully submitted;



By: _____
                    Jerome Easterly #366413
                 Bellamy Creek Correctional Facility
                    1727 West Bluewater Highway
                      Ionia,michigan 48846

## verification

I declare under the penalty of perjury in accordance to 28 USC 1746. That the forgoing is true and correct and this petition for writ of habeas corpus was placed in the Prison Mailing system on September_____,2017. Executed by Jerome Easterly in Ionia,Michigan.

Sign:_____

Jerome Easterly #366413
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia,michigan 48846



Jerry Easterly #366413
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, Michigan 48846

TO: Clerk of the Court
United States District Court
231 West Lafayette BLVD
Detroit, Michigan
48226



# CIVIL COVER SHEET FOR PRISONER CASES

**Case No.** 17-13064 _____    **Judge:** Stephen J. Murphy, III _____    **Magistrate Judge:** Mona K. Majzoub _____

| | |
|---|---|
| **Name of 1ˢᵗ Listed Plaintiff/Petitioner:**<br><br>Jerome Easterly | **Name of 1ˢᵗ Listed Defendant/Respondent:**<br><br>Tony Trierweiler |
| **Inmate Number:** 366413 | **Additional Information:** |
| **Plaintiff/Petitioner's Attorney and Address Information:** | |
| **Correctional Facility:**<br><br>Bellamy Creek Correctional Facility<br><br>1727 West Bluewater Highway<br>Ionia, MI 48846<br>IONIA COUNTY | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☒ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☐ IFP *In Forma Pauperis*
- ☒ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   ☐ Yes      ☒ No
   ➢ If yes, give the following information:

   Court: _____

   Case No: _____

   Judge: _____

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   ☐ Yes      ☒ No
   ➢ If yes, give the following information:

   Court: _____

   Case No: _____

   Judge: _____

MIED (Rev. 07/06)  Civil Cover Sheet for Prisoner Cases