UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME EASTERLY,

        Petitioner,

v.

TONY TRIERWEILER,

        Respondent.
_____/

Case No. 2:17-cv-13064

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING PETITION FOR WRIT OF**
**<u>HABEAS CORPUS [1] AND DENYING CERTIFICATE OF APPEALABILITY</u>**

This matter is before the Court on Petitioner Jerome Easterly's petition for a writ of habeas corpus. Easterly challenges his convictions for assault with intent to murder, Mich. Comp. Laws § 750.83, and felony-firearm, second offense, Mich. Comp. Laws § 750.227b. He raises a single ground for relief: the trial court erred in denying his motion to withdraw his no contest plea. Respondent argues that Easterly's claim is meritless. The Court denies habeas corpus relief and denies a certificate of appealability.

**BACKGROUND**

Easterly's convictions arise from a shooting in Detroit on December 24, 2014. On that date, after fleeing the scene of a prior shooting, Easterly arrived at the home of his mother, Ardie Clark. ECF 7-7, PgID 155 (transcript of Easterly's 2/8/16 plea hearing). Easterly shot Clark several times in the back, rib, buttocks, right thighs,

1

and stomach area. *Id.* Clark was admitted to the hospital in critical condition, and Easterly fled once again. *Id.*

On February 8, 2016, Easterly pleaded no contest to one count of assault with intent to murder and felony firearm pursuant to a plea agreement in Wayne County Circuit Court. *Id.* at 152–53. The plea agreement provided that the remaining charges would be dismissed and Easterly would be sentenced to 18 to 30 years' imprisonment for the assault with intent to murder conviction and five years' imprisonment for the felony-firearm conviction, second offense. *Id.* at 143.

On the date set for sentencing, Easterly moved to withdraw his no contest plea, arguing that he did not understand the plea, the nature of the charges, or the ramifications of the plea. *See* ECF 7-8, PgID 161. The trial court denied the motion, holding that the nature of the charges and the plea agreement had been clearly explained to Easterly at the plea hearing and Easterly indicated that he understood the terms of the agreement. *Id.* at 166–67. The court sentenced Easterly in accordance with the plea agreement. *Id.* at 173.

Easterly filed an application for leave to appeal in the Michigan Court of Appeals, arguing that the trial court erred in denying the motion to withdraw his plea. *See* ECF 7-9. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *Id.* at 177. The Michigan Supreme Court also denied leave to appeal. *See* ECF 7-10.

2

Easterly then filed this habeas petition. He raises the same claim raised on direct appellate review: that the trial court erred in denying his motion to withdraw his no contest plea.

## STANDARD

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). "[T]he 'unreasonable application' prong of [the statute] permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v.*

*Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous . . . The state court's application must have been 'objectively unreasonable.'" *Id.* at 520–21 (citations omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 102–03 (internal quotation and citation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Greene v. Fisher*, 565 U.S. 34, 38 (2011). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of

4

'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002)).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Id.*

## DISCUSSION

Easterly claims that the trial court erred in denying his motion to withdraw his guilty plea. He argues that the motion should have been granted because he did not understand the consequences of his plea and because his plea was involuntary in light of his mental health conditions.

To be valid, a guilty plea must be voluntarily and intelligently made. *Brady v. United States*, 397 U.S. 742, 748–49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id.* at 755, 757. "[T]he decision whether or not to plead guilty ultimately rests with the client." *Lyons v. Jackson*, 299

5

F.3d 588, 598 (6th Cir. 2002). Where a defendant is "fully aware of the likely consequences" of a plea, it is not unfair to expect him to live with those consequences. *Mabry v. Johnson*, 467 U.S. 504, 511 (1984).

Here, before accepting his plea, the trial court advised Easterly of the rights he was giving up by pleading guilty, advised him of the terms of the plea agreement, determined that no promises—other than those stated on the record—had been made to Easterly, and determined that nobody had threatened him to force him to enter the plea. ECF 7-7, PgID 147–54. The trial court specifically advised Easterly that the sentence agreement for the assault with intent to murder conviction was 18 to 30 years, to be served after the completion of the felony-firearm sentence. *Id.* at 152. Easterly indicated that he understood the rights he would waive by entering a plea, that he understood the sentence agreement, and that no other promises had been made to him. *Id.* at 149–54.

In cases challenging the voluntariness of a plea agreement, a petitioner is bound by any in-court statements made regarding the petitioner's understanding of the plea. *See Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)) ("If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless. . . . '[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.'") Easterly expressed understanding of the plea agreement and that

6

he was not forced into entering a plea. The Court finds no evidence in the record that Easterly did not understand the nature and consequences of the plea.

Easterly's claim that his mental illness interfered with his ability to understand the nature of the plea is also unpersuasive. When stating the basis for moving to withdraw his plea, Easterly did not mention his mental illness. Instead, he told the court that he did not understand the plea. *See* ECF 7-8, PgID 163. He believed that he faced months in prison rather than years. *Id.* The trial court rejected Easterly's contention. *Id.* at 167. The trial court noted the clear and precise language used in the plea hearing to explain the plea agreement to Easterly and Easterly's on-the-record statements that he understood the plea and was not being forced to enter a plea. *Id.* at 164–67. Although the presentence report reveals that Easterly was diagnosed with schizophrenia, bipolar disorder, and clinical depression in 2001, *see* ECF 9, PgID 234 (under seal), Easterly fails to show that his history of mental illness impeded his ability to understand the plea. The plea and sentencing transcripts reflect that Easterly followed and participated appropriately in the court proceedings. The trial court judge observed Easterly's demeanor and affect. In denying Easterly's motion, the trial court concluded that Easterly was moving to withdraw his plea because he was unhappy with the amount of time he was going to serve. *See* ECF 7-8, PgID 167.

Easterly therefore cannot show that the trial court's decision that the plea was knowingly and voluntarily made was contrary to or an unreasonable application of

Supreme Court precedent or was an unreasonable determination of facts in light of the evidence presented. The Court will deny habeas relief.

## CERTIFICATE OF APPEALABILITY

In order to appeal the Court's decision, Easterly must obtain a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, Easterly must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner, or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citation omitted). Here, jurists of reason would not debate the Court's denial of Easterly's claims. The Court therefore denies a certificate of appealability.

## CONCLUSION

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus [1] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** the case.

**SO ORDERED.**

Dated: February 28, 2019

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 28, 2019, by electronic and/or ordinary mail.

                                              s/ David P. Parker
                                              Case Manager